Elisabeth Arnold INGRAM, Plaintiff,

v.

ELI LILLY & COMPANY,
et al.  Defendants.

No.  CIV.A. 02–2023(RBW).

United States District Court,
District of Columbia.

Jan. 29, 2003.

Aaron M. Levine & Associates, Washington, Counsel for Plaintiff.

Lawrence Hedrick Martin, Washington, Counsel for defendant Eli Lilly & Company.

Sidney G. Leech, Goodell, Devries, Leech & Dann, LLP, Baltimore, MD, Counsel for defendants Bristol–Myers Squibb Company & Pharmacia & Upjohn Company.

John F. Anderson, Richards, McGettigan Reilly & West, P.C., Alexandria, VA, Counsel for defendant Dart Industries Inc.

## MEMORANDUM OPINION

WALTON, District Judge.

This is a product liability lawsuit brought by the plaintiff against several defendants for injuries she alleges she sustained as a result of her mother's ingestion of diethylstilbestrol ("DES"), a drug sold and promoted to plaintiff's mother while she was residing in Seattle, Washington in 1967 and 1968. Currently before the Court is the defendants' motion to transfer this action to the Western District of Washington. For the reasons set forth below, defendants' motion is denied.

### I. *Arguments of the Parties*

Defendants argue that "[t]he Western District of Washington is the most convenient forum for the parties and witnesses to this action." Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Transfer ("Defs.' Mem.") at 1. First, defendants note that the plaintiff's exposure to DES occurred in Seattle, Washington, the place where her mother ingested the DES, and thus the witnesses and evidence needed in this case are most likely located there as well. *Id.*

at 1, 4.[1] Second, defendants argue that transfer is proper because the substantive law of Washington will govern this action because the alleged exposure occurred in that jurisdiction. *Id.* Third, defendants argue that plaintiff could have originally brought this action in the Western District of Washington because the court there, as does this court, has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (2000) because there is complete diversity of the parties. *Id.* at 2. In addition, defendants note that venue is proper in Washington pursuant to 28 U.S.C. ¶ 1391(a) (2000), which provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may be brought ... in ... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* at 3.

Defendants also argue that the public interest factors that the Court must consider when deciding whether to transfer an action, which include the local interest in having localized controversies decided in that jurisdiction; holding a trial in the state whose law will govern the case; not imposing jury duty on citizens of a jurisdiction that has no relation to the controversy; and the administrative difficulties that are derived from court congestion, that defendants argue also favors the transfer of this action. Regarding the first factor, defendants argue that Washington has a "strong interest in seeing that product liability claims that arose in Washington are tried fairly and efficiently." *Id.* at 6. Next, defendants argue that the Western District of Washington has more

---

1. Defendants note that the three major issues in DES cases are: the question of exposure, product identification and the nature and extent of plaintiff's injuries. Regarding the issue of exposure, defendants maintain that they will need to depose the physicians who treated plaintiff's mother during her pregnancy and obtain the relevant medical records. Def.'s Mem. at 5. Regarding product identifi-

cation, defendants anticipate the need to depose the dispensing pharmacists or other pharmacy employees who have knowledge regarding the dispensing practices of the pharmacies at issue. *Id.* Lastly, regarding plaintiff's medical injuries, defendants believe that "all or most of the relevant medical records are located either in the Western District of Washington or in Oklahoma." *Id.*

experience than this court in interpreting and applying Washington state tort law. *Id.* Finally, defendants note that in a September 2001 survey, the District of Columbia ranked 61 out of 94 federal district courts for the average length of time it takes for a civil case to move from the filing of a complaint to trial, while the Western District of Washington ranked 13th.

In opposition, plaintiff offers several arguments regarding why this Court should not transfer this action to the Western District of Washington. First, plaintiff argues that forum selection is a proper litigation strategy and notes that defendant Eli Lilly made a similar argument when it sued its insurers in this jurisdiction and the insurers sought to remove the case from the District of Columbia.[2] Pl.'s Opp'n at 3. Second, plaintiff contends that the District of Columbia does have ties to this action because it is a location where the manufacturers of DES promoted its use and has been the situs of a "substantial amount of litigation" on the issue of liability regarding DES use in the past. *Id.* at 5. Third, plaintiff submits that the conve-

nience of the witnesses do not favor Washington over the District of Columbia. On this point, plaintiff's counsel notes that defendants "have not ever been required to subpoena a single fact witness in any of the hundreds of DES cases ..." that have been filed against them. *Id.* at 4. In addition, plaintiff points out that the prescribing obstetrician is currently located in California; plaintiff's mother is now located in Oklahoma; plaintiff's experts reside in Texas, Arkansas, Pennsylvania and Alabama; and the experts the defendants customarily use reside in Birmingham, Alabama; Baltimore, Maryland; New Jersey; Boston, Massachusetts; and Pennsylvania. *Id.* Both plaintiff's and defendants' counsel have offices in the District of Columbia and plaintiff's counsel also states that he will voluntarily produce plaintiff, her family and all the medical witnesses for depositions and will produce the records and documents, without any need for subpoenas, at the defendants' request. *Id.* at 4–5. Plaintiff also states that other judges of this court have consistently denied defendants' motions to transfer these types of cases.[3] *Id.* at 6. Finally, plaintiff indi-

---

2. Plaintiff states that the statute of limitations will be contested in this matter and therefore District of Columbia procedural law will apply to this case. Thus, plaintiff argues, "this Court is in a better position to decide District of Columbia law than is a Washington court." Pl.'s Opp'n at 5. However, plaintiff's argument is misleading because if this matter were transferred to Washington, Washington's statute of limitations would apply, not the District of Columbia's. *See A.I. Trade Finance, Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1458 (D.C.Cir.1995) ("A federal court sitting in diversity must apply state law to the substantive issues before it.... For this purpose, the statute of limitations is substantive; therefore, a federal court sitting in diversity looks to state law to determine whether a cause of action based upon state law has expired.... [Under] D.C. choice-of-law rules ... statutes of limitations [are treated] as procedural, and therefore almost always mandate

application of the District's own statute of limitations.") (citations omitted); *Dam v. General Electric Co.*, 144 F.Supp. 175, 179–80 (W.D.Wash.1956) ("It is a well-established general rule that all matters of procedure, such as the limitation of time in which an action may be brought, where the limitation pertains to the remedy rather than the right, are governed by the law of the forum."). Therefore, the Washington court would be best equipped to apply Washington's applicable statute of limitations.

3. Plaintiff lists five cases where judges in this district have denied motions of the defendants to transfer cases involving DES claims. However, in three of these cases, *Wieprecht v. Eil Lilly & Co.*, 01cv889 (Robertson, J.), *Peterson v. Eli Lilly & Co.*, 01cv1404 (Huvelle, J.), and *Coy v. Eli Lilly & Co.*, 01cv1072 (Penn, J.) the judges denied the motions in orders without any indication of the reason-

cates that there has been a twenty-year history of DES litigation in this Court, without a single case being decided through a jury's verdict, and notes that Magistrate Judge Alan Kay has routinely mediated these kinds of cases and thus keeping the case here would ensure that the case is resolved expeditiously, as plaintiff is willing to refer the case to early mediation before Magistrate Judge Kay. *Id.* at 5–6.

## II. *Analysis*

■ 28 U.S.C. § 1404(a) (2000) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the moving party, defendant bears the burden of establishing that the transfer of this action to another federal district is proper. *Shenandoah Associates Ltd. Partnership v. Tirana*, 182 F.Supp.2d 14, 25 (D.D.C. 2001). Although the plaintiff's choice of forum is given deference, this deference is "greatly diminished when the activities have little, if any, connection with the chosen forum." *Armco Steel Co. v. CSX Corp.*, 790 F.Supp. 311, 323 (D.D.C.1991) (citation omitted).

The first question the Court must decide in assessing whether this case should be transferred is whether this action could have been brought in Washington. Pursuant to 28 U.S.C. § 1391(a) (2000), venue is proper in a "judicial district where any defendant resides … [or] in which a substantial part of the events or omissions giving rise to the claim occurred …" Neither party disputes that this action could have been brought in Washington because that is the location where plaintiff's mother received and ingested the DES at issue in this case.

■ Although convenience of the parties, convenience of the witnesses, and the interests of justice are the three principle factors to consider in determining whether to transfer a case, courts have also considered various other factors, including the private interests of the parties and the public interests of the court, as additional considerations "protected by the language of Section 1404(a)." *Trout Unlimited v. United States Dep't of Agriculture*, 944 F.Supp. 13, 16 (D.D.C.1996). The private considerations that may be considered include:

(1) the plaintiff's choice of forum, unless the balance of convenience is strongly in

ing for the decisions. In *Scaramuzzi v. Eli Lilly Co.*, 01cv1095 (Sullivan, J.), the court denied the motion based on counsels' arguments "and the fact that the parties ha[d] already engaged in substantial discovery." And, in *Sumrall v. Eli Lilly & Co.*, 02cv0670 (Kollar–Kotelly, J.) the court directed the parties to file a stipulation wherein plaintiff expressly agreed to produce her mother for deposition and trial, at plaintiff's expense.

On January 1, 2003, plaintiff filed a supplemental opposition to defendant's motion to transfer, wherein plaintiff's counsel alerted the Court to an opinion by Judge Roberts in *Blank v. Eli Lilly & Co.*, in which Judge Roberts denied the defendant's motion to transfer. Judge Roberts expressly stated that the "[d]efendant's choice of another forum is undermined by the fact that defendant chose

the District of Columbia as the forum for its own litigation against insurers regarding coverage for DES claims and opposed the insurer's motion to transfer the case to another forum." *Blank*, slip op. at 4 –5. However, the *Blank* case is distinguishable from the present case because in that case the court noted that there was only one witness who lived in Massachusetts, the place where the claim arose, and that witness agreed to appear without a subpoena. *Id.* at 5. In addition, Judge Roberts noted that it had "yet to be determined which state or district's law will govern the dispute[,]" and there was "no evidence regarding the relative congestion of the district courts of the District of Columbia and Massachusetts, and neither the District of Columbia nor Massachusetts ha[d] a strong local interest in th[e] controversy." *Id.* at 6.

favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Id.* (citations and footnotes omitted).

■ In this case, these factors weigh against transfer. Plaintiff has chosen this forum, presumably because of a favorable statute of limitations and the fact that plaintiff's counsel has successfully settled prior cases of this sort before Judge Kay. Defendants prefer Washington because, they argue, there will be fact witnesses in that jurisdiction, however, it appears that the witnesses most vital to this action will come from other jurisdictions. The claim arose in the State of Washington, however, none of the defendants argue that this forum would be inconvenient for them and based on plaintiff's representations, it does not appear that the witnesses most vital to this action would be any more inconvenienced by having to travel to the District of Columbia, as compared to the State of Washington. Most importantly, there is no allegation that any witness would be unavailable at a trial in this district. Finally, regarding the ease of access to sources of proof, plaintiff has stated that she is willing to produce the relevant medical records and there accordingly does not appear to be any impediment to obtaining sources of proof if this action is litigated in this district.

■ Because the Court has concluded that the private interest factors do not support the transfer of this action, it is not required to weigh the public interest factors. *Shields v. Eli Lilly & Co.*, No. Civ.A. 87–2166, 1987 WL 26426, at *2 (D.D.C. Nov.23, 1987). Nonetheless, the Court will briefly review the public inter-

est considerations regarding transfer, which include: "(1) the transferee[ ] [Court's] familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Trout,* 944 F.Supp. at 16 (footnotes and citations omitted).

■ Regarding the first factor, if this Court retained this matter in this district it would most likely conclude that the law governing the resolution of this dispute would be the law of Washington. To determine what law this Court would have to apply, it must use the District of Columbia's choice of law analysis. *Ideal Electronic Security Co. v. International Fidelity Ins. Co.,* 129 F.3d 143, 148 (D.C.Cir. 1997); *Shenandoah,* 182 F.Supp.2d at 18 (citations omitted). Under District of Columbia's choice of law principles, in determining what substantive law would apply, the court may look to the factors contained in the Restatement (Second) of Conflict of Laws § 145, which include the place where the injury took place; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of business and place of incorporation of the parties, and the place where the relationship is centered. *Id.* at 19 (citations omitted). Application of these factors causes the Court to conclude that it would most likely have to apply the substantive law of Washington and this factor favors transfer of this action to Washington because the courts in that district are familiar with Washington law. *See Trout,* 944 F.Supp. at 19 (transferring action to district court in Colorado where case, although dealing with federal statutes and regulations, might also "in part, involve the interpretation of Colorado law."). *Cf. Greater Yellowstone Coalition v. Bosworth,* 180 F.Supp.2d 124, 128–29 (D.D.C.2001) (deny-

ing defendant's motion to transfer where plaintiff's complaint required interpretation of federal statutes and federal government officials located in the District of Columbia had been involved in the decision about which plaintiffs sought judicial review).

The second factor—congestion of the several courts' calendars—does not decisively support transfer to Washington. Although the defendants note the that Western District of Washington has better statistics than the District regarding the length of time it takes to get cases to trial, in this matter, because Judge Kay has extensive experience in mediating DES claims, the length of time needed to resolve this matter, should mediation prove successful, may not be that significant. Moreover, this Court's personal calendar could afford the parties a trial at virtually any time they desire. It is therefore not this Court's calendar that will inhibit this case from being resolved expeditiously.

Finally, regarding the third and final factor, it appears that neither Washington nor the District of Columbia have a particularly strong interest in this case as a local controversy because neither plaintiff nor her mother are currently residents of Washington or the District of Columbia and none of the defendants are incorporated in either jurisdiction. In addition, there is nothing uniquely local about DES litigation as the product was marketed and dispensed throughout the nation.

The situation in this case is similar to the one faced by the Court in *Shields*. In that case, the plaintiff's mother had ingested DES in Missouri and the plaintiff was a resident of Richmond, Virginia. *Shields*, 1987 WL 26426, at *1. Defendant moved to transfer the action from this district to the Eastern District of Virginia on the basis that it would "not be able to obtain compulsory process over any witnesses at trial as *all* witnesses [were] out-side the 100 mile limit, being located in Richmond or in Kansas City, Missouri." *Id.* (emphasis in original). In addition, the defendant noted that the plaintiff's mother resided in Richmond and the plaintiff's treating physicians and their records were all located in the Eastern District of Virginia. *Id.* The plaintiff, however, maintained that two of her former treating physicians were located in Bethesda, Maryland, and her medical records were in the District of Columbia. *Id.* In addition, the plaintiff stated that her treating physician and her mother would be available for trial in the District of Columbia and although the plaintiff was a resident of Richmond, trial in the District of Columbia would be less burdensome and costly for her because her counsel and some of her expert witnesses were located here. *Id.*

In denying the defendant's motion to transfer, the court noted that it did "not appear that the defendant [would] suffer any inconvenience from having this case tried in this forum." *Id.* at *2. Regarding the private interest factors, and based on plaintiff's representations, the court noted that the defendant would have access to the plaintiff's medical records and her treating physician. *Id.* In addition, the defendant failed to specify any witnesses that would be unavailable for trial and failed to demonstrate that it would be "deprived of any testimony or other evidence material to its case." *Id.* Regarding the public interest factors, although the court noted that these factors made the case a "very close" one, the court nevertheless concluded that because the plaintiff resided in the District of Columbia when she was a college student, she was treated for her ailment while she lived here, and "several DES cases ha[d] been filed in this District[,]" the plaintiff had "shown some reasonable justification for filing [her] action in this forum." *Id.*

Similar to *Shields,* the plaintiff does have a justifiable basis for filing her action in this Court. Plaintiff's counsel has settled several similar cases in this court and Judge Kay, to whom the parties intend to request referral for mediation, is very familiar with the issues involved in this lawsuit based on his prior experiences with very similar cases. Although this matter admittedly has a greater connection to Washington, the defendants have failed to indicate specifically what witnesses, if any, would be unavailable in this fora; nor have the defendants indicated how they would be inconvenienced if this action remains in this Court. Therefore, because the transfer factors do not decisively weigh in favor of transferring this action to Washington, the Court concludes that it should not disturb plaintiff's choice of forum and will permit this action to be litigated in this forum. Therefore, defendants' motion to transfer is denied.[4]

---

**4.** An Order consistent with the Court's ruling accompanies this Memorandum Opinion.